### In re CRESCENT CITY TELEPHONE SERVICE.

Railroad & Public Utilities Commission.

January 31, 1955.

Thomas B. Dowda, Palatka and Clayton C. Frank, Crescent City, for complainant.

J. Thomas Gurney, Orlando, for Florida Telephone Corp.

Charles A. Spitz, Keen, O'Kelly & Spitz, Tallahassee, for North Florida Telephone Co.

Harold B. Wahl, Loftin & Wahl, Jacksonville and Dan M. Byrd, Atlanta, Ga., for Southern Bell Tel. & Tel. Co.

Lewis W. Petteway, general counsel, P. M. Schuchart, director public utilities section, J. M. Rogers and Wilkins Linhart, telephone engineers, for the commission and the public, generally.

Chairman WILBUR C. KING, commissioners JERRY W. CARTER and RICHARD A. MACK each participated in the disposition of this case.

BY THE COMMISSION.

On July 16, 1954 the town council of Crescent City advised this commission that it had refused to grant a franchise to North Florida Telephone Co. to render telephone service in Crescent City as successor to Florida Telephone Corp.—whose franchise would expire within the next few months. At the same time the council requested the commission to take appropriate action to secure

adequate telephone service for the community. Acting upon the complaint the commission directed Florida Telephone Corp., North Florida Telephone Co. and Southern Bell Tel. & Tel. Co. to appear at 10 A.M. December 10, 1954 in the Woman's Club in Crescent City to give testimony concerning the facts within their knowledge which might be helpful to the commission in reaching a decision on the following questions—

(1) Is either No. Fla. Tel. Co. or Florida Tel. Corp. furnishing reasonably adequate telephone service to the residents of the town of Crescent City and the Crescent City area?

(2) What steps should be taken by the commission to insure adequate telephone service to the residents of the area?

(3) Should the commission issue a certificate of public convenience and necessity to Southern Bell Tel. & Tel. Co. authorizing and directing it to furnish telephone service to the residents of the area?

In response to said directive a Southern Bell representative testified that his company, at the request of this commission, entered into negotiations with Florida Tel. Corp. in 1953 to purchase the exchange telephone properties at Crescent City. The two companies were not able to agree on a price and the negotiations were terminated. The Bell representative testified that his company did not feel that the commission should require it to enter this new territory over the protest of Florida Tel. Corp. or No. Fla. Tel. Co. On cross examination, however, he testified that this territory could be economically served by his company—which is contiguous to other properties being operated by the company. He further testified that it would require a minimum of 2½ years for Southern Bell to provide adequate dial telephone service to the citizens of Crescent City if the company were required by the commission to take over the operations at that exchange.

No. Fla. Tel. Co., which has agreed in writing with Florida Tel. Corp. to purchase the Crescent City exchange along with several other exchanges, appeared and advised the commission that it had already completed the necessary engineering and that it expects to convert the Crescent City exchange to automatic dial some time late in 1955. No. Fla. Tel. Co. further advised that it had been successful in negotiating a loan in excess of $2,500,000 from the Rural Electrification Administration, the proceeds to be used to improve telephone facilities at Crescent City and the other exchanges which it is purchasing from Florida Tel. Corp.

The town council declined officially to support its complaint—but several citizens appeared and testified that telephone service in that community was insufficient and inadequate.

Since the hearing the commission has been advised that the council has granted a franchise to No. Fla. Tel. Co. to furnish telephone service for a period of 20 years from January 12, 1955—provided the company within 18 months from that date installs and begins the operation of an automatic dial telephone system.

There was some testimony presented indicating that present service at Crescent City has been substantially improved in recent months and is probably as good as could ever be expected from the manual equipment now being operated there.

From the evidence adduced at the hearing, the commission finds—

(1) The telephone service now being rendered to the citizens of Crescent City is inadequate and the facilities are incapable of providing the high standard of service to which they are entitled.

(2) The citizens of the town can procure adequate telephone service under the program offered by No. Fla. Tel. Co. in a much shorter period of time than similar service can be provided by any other company because it has already completed its building program and has finished its financing program so as to assure completion of its construction work within one year.

(3) The grant of a new franchise to No. Fla. Tel. Co. by the town council subsequent to the hearing in this case is tantamount to a withdrawal of its complaint and a recognition that that company is in a better position, at this time, than any other company to provide adequate service for the municipality in the shortest period of time.

(4) No. Fla. Tel. Co. and the town council, by entering into the new franchise, have each recognized that 18 months from January 12, 1955 is a reasonable period of time within which the Crescent City exchange should be converted to automatic dial operation.

It is accordingly ordered that the North Florida Telephone Co. be and it is hereby directed to proceed with all due diligence with its construction and expansion program so that the telephone exchange at Crescent City may be converted to automatic dial operation within not less than 18 months from January 12, 1955; and that this commission be advised from time to time concerning the progress thereof.